**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOE DEE STANG, | No. 18-35392 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-02318-YY |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted February 19, 2019**

Before: TROTT, FERNANDEZ, and WATFORD, Circuit Judges.

Joe Dee Stang, a federal prisoner, appeals pro se from the district court's

summary judgment in his action brought under *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort

Claims Act ("FTCA"), alleging deliberate indifference to his serious medical needs

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and negligence.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Stang's *Bivens* claim because Stang failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to Stang's dental needs.  *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1122 ( 9th Cir. 2012) (deliberate indifference requires showing a purposeful act or failure to respond to prisoner's pain or possible medical need and harm caused by the indifference).

The district court properly granted summary judgment on Stang's negligence claim because Stang offered no expert testimony to establish the standard of care as required by Oregon law.  *See Liebsack v. United States*, 731 F.3d 850, 854-57 (9th Cir. 2013) (state substantive law applies in FTCA actions); *Trees v. Ordonez*, 311 P.3d 848, 854 (Or. 2013) (in medical malpractice cases, expert testimony is generally required to establish the standard of care).

**AFFIRMED.**